UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------- X

PATRICIA L. SCHERE and STELLA RUE,

          Plaintiffs,

v.

INGENIOUS DESIGNS, LLC,

          Defendant.

----------------------------------------------------------- X

Civil Action No.

**COMPLAINT AND JURY DEMAND**

## COMPLAINT

Plaintiffs, Patricia L. Schere ("Plaintiff Schere") and Stella Rue ("Plaintiff Rue") (collectively, "Plaintiffs'), by their undersigned counsel, sue Defendant Ingenious Designs, LLC ("Defendant" or "Ingenious Designs"), and allege as follows:

### PARTIES, JURISDICTION & VENUE

1. At all times material, Plaintiff Schere is and was a citizen of the State of Kansas, residing in Johnson County.

2. At all times material, Plaintiff Rue is and was a citizen of the State of California, residing in Alameda County.

3. Ingenious Designs, LLC is a wholly owned subsidiary of the Home Shopping Network ("HSN") and is a foreign limited liability company, formed under the jurisdiction and laws of Delaware. Ingenious Designs' principal place of business is in Ronkonkoma, New York. Ingenious Designs manufactures, sells and distributes consumer products, including the My Little Steamer and the My Little Steamer Mini through HSN's television network and digital platforms as well as retailers such as Target and Bed, Bath & Beyond. Joy Mangano, president of Ingenious Designs, is a television personality who appears regularly on the HSN shopping networks to promote Ingenious Designs' products.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 (federal diversity jurisdiction), as there is complete diversity between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is appropriate in this District because Defendant has sold its goods within this District, and Defendant has its principal place of business in Ronkonkoma, New York, which is located in this District.

6. This Court has personal jurisdiction over Defendant because Defendant's principal place of business is in Ronkonkoma, New York.

## NATURE OF THE CASE

7. Plaintiffs seek remedies for burn injuries caused by the manufacture, marketing, distribution and/or sale of a dangerous product, the danger which was exclusively known to Defendant and which was not disclosed to consumers. The My Little Steamer and My Little Steamer Mini (the "My Little Steamer Products" or "Steamers" or "Products") are portable clothing steamers which due to manufacturing and/or design defects fail, causing boiling water to spew on product users, leak from seals and/or melt the products' plastic housing when used properly. Despite Defendant's knowledge of these defects and dangerous conditions, Defendant failed to warn consumers of the danger and intentionally marketed, sold and distributed these products in the States of New York, California, and throughout the country. This lawsuit seeks monetary damages on behalf of Plaintiffs for serious burn injuries caused by Defendant's negligent and/or willful conduct, along with the costs associated with bringing this action.

## FACTUAL ALLEGATIONS

8. In 2003, Defendant released the My Little Steamer Products to the market for the first time. Since that time, the Products have been promoted, marketed, sold and distributed through the HSN television network, as well as through digital platforms, outlet stores and other retailers.

9. Defendant learned of the dangerous and defective nature of the Steamers well before Plaintiffs purchased their Steamers. As early as September 2013, consumers who had purchased a Steamer complained of problems with the defective Steamers. Complaints posted on the Internet demonstrate that the defect is widespread and dangerous, and that it manifests without warning. The complaints also indicate Defendant's awareness of the defect:

- Posted September 10, 2013: "My daughter was badly burned as Joy Mangano's My Little Steamer became a boiling watering gun and projected water aggressively out of the steamer. She was no where near the steamer, it really became a water gun suddenly . . . so scary and traumatizing!!! Still to this day anytime she sees hot water she panics:( There are so many burned complaints on this steamer. The company continues to deny the steamer is the cause and at first told me to contact Target to return the steamer and file with their safety team. This was the beginning of me realizing they will refuse to own the fact their steamer caused my daughter's burns. PLEASE RESEARCH THIS STEAMER . . . I have tons of complaints on this being a very dangerous product!!!

- Posted July 2, 2013: "I would never recommend Joy Mangano's My little Steamer 90 Watt. I suffered second and third degree burns all over the right side of my body & trauma as well. The steamer exploded, the top flew off in a matter of seconds and the bottom part flew at me with all of the hot scorching water that fell all over the right side of my body. This is a very dangerous product which should not be on the market, there is no setting and to my surprise I didn't know it would cause such damage to me physically! I now have permanent scars and medical bills I don't need, aside from the trauma and suffering/pain. Please I am warning everyone do not buy this product, it's a hazard to every household!"

- Posted July 15, 2014: "BURN INJURY WARNING | TERRIBLE CUSTOMER SERVICE [MUST READ REVIEW]. You NEED TO BEWARE OF THE DANGERS OF THIS STEAMER!! My Grandmother had purchased this steamer as a gift for me. Don't get me wrong its a good steamer, but it CAN CAUSE BURNS. I was using it one day and the water level was getting low, but I was done steaming anyway. So i turned the steamer off and set it on a shelf. The water was still bubbling inside as it should but then out of the middle of nowhere hot water shot right out of the top of the steamer. It got all over the shelf that it was on and water had leaked all the way down my wall. The water was very hot so i had to allow it to cool before I could clean it up. I do NOT recommend this as a gift because it can seriously injure somebody even when being used correctly

    Their customer service department was absolutely horrid!! I had told them that I received this as a gift. I described the problem to the lady that I had spoken to. She told me that she needed some type of information to prove that I actually had the steamer and that it was purchased. I gave her the first and last name of the person whom had bought it for me. She then told me that the steamer was only ONE year old and that it was out of warranty. Ok big deal so I can't get a new one. HOWEVER, I recommended to her that she tell her supervisor about the issue so maybe they could put a little warning on the packaging or instructions or whatever. She said ok but she needed my personal info. I proceeded to give her my first and last name but then she asked for my address. I asked her why it was necessary and she said it was proof that she talked to me on the phone. But if they weren't even going to send me a replacement steamer why should they need that. I said NO way would I give that out if I wasn't even going to receive anything in the mail. I asked to speak for a supervisor and she then gave me attitude and said that to do that I needed to provide my address.

NEVER AGAIN WILL I BUY A PRODUCT FROM THIS COMPANY!! BUYER BEWARE!! THERE ARE BETTER STEAMERS OUT THERE!!"

10. Attached as Exhibit A are additional exemplary complaints taken from multiple websites detailing how the Steamers malfunction when used properly, and the serious safety risk posed to consumers. As described in the complaints, many purchasers of the Steamers suffered severe burns from boiling water leaking and spewing during use.

11. To make matters worse, during a live shoot to film video "B-Roll" to be used in connection with live segments featuring Joy Mangano promoting and selling the Product on the Home Shopping Network in February 2016, while the Products were being prepared for filming and during the filming itself, hot steam and boiling water repeatedly leaked and spewed from the Products burning HSN employees and the professional models being featured in the videos. The production staff opened a significant number of Products from sealed boxes that had been delivered to the video location in an effort to find a Product to film that would not leak. Many, if not all, of the Products opened by HSN's production employees dangerously leaked boiling water and spewed hot steam in a manner inconsistent with the intended use of the Products.

12. These videos are produced and filmed internally by HSN employees and depict professional models using the Products.

13. In or before February 2016, Defendant became aware that the Steamers it was promoting, marketing, selling, and distributing were defective and dangerous. The defective and dangerous nature of the Products was exclusively known to Defendant and not to consumers of the Products. More specifically, in February of 2016, HSN was producing and filming B-roll of the Products at a house in the Hyde Park neighborhood in Tampa, Florida to be used in an upcoming live segment featuring Joy Mangano.

14. During the live shoot, production employees and models observed gaskets failing and floating inside the water reservoir of the opened products very quickly after the Products were plugged into electrical outlets.

15. Video footage of the malfunctioning products was shot digitally by the production

crew, and as is required by HSN policies and procedures, was saved on the HSN server and labeled, "the B Roll." This footage was backed-up to the HSN digital archive/ library.

16. The producer on the shoot, David Berggren, was so concerned that he sent email communications to senior management at HSN and Ingenious Designs, to notify the management at both companies that the products were leaking, spewing, and were dangerous and should not be sold to consumers.

17. The Quality Control Department assured Mr. Berggren the faulty Steamers that leaked during the B-Roll location shoot were sent to Ingenious Designs in New York for testing. This information was communicated to Joy Mangano. Mr. Berggren was led to believe that the Steamers would not be sold due to their defective conditions.

**Defendant Sold the My Little Steamer Products Knowing they were Dangerous and Defective but Did not Warn Consumers**

18. Within a matter of weeks thereafter, and contrary to the assurances given Mr. Berggren, HSN did live promotional television segments featuring Joy Mangano selling Defendant's Steamers.

19. While the live segments were ongoing, additional Steamers that were new and had just been opened from their boxes to be used in the live segment were leaking and spewing boiling water off-camera, once again causing burns to models and staff.

20. Through Ms. Mangano's website, JoyMangano.com, Defendant promotes the Steamers as follows: "Developed over 15 years, carefully calibrated steam channels create unmatched power." "No Spitting. No Staining. No Burning. No Worries." These representations demonstrate that Defendant knew that burning and spitting hot water were important considerations for purchasers of the Products, but Defendant took no steps to take the Steamers off the market or warn consumers.

**Facts Pertaining to Patricia Schere**

21. On or about November 6, 2018, Plaintiff Schere purchased her My Little Steamer from Amazon.com. The Steamer was shipped to Plaintiff Schere's residence in Kansas.

22. While using the product for the first time to steam a garment, and in a manner

5

consistent with the product instructions, without warning, scalding hot water erupted from the head of the steamer. The scalding water spewed over Ms. Schere hitting her on the top of her foot and the floor around her, causing third degree burns. Photographs of these burns are attached as Exhibit B.

23. Another consumer unrelated to this case posted video on the internet that illustrates the force with which scalding water erupted from the head of the steamer and burned Ms. Schere. This video can be viewed via the following link: https://youtu.be/PLCYo74JCkg.

24. In fact, the scalding water that burned Ms. Schere erupted with even greater force than the video depicts. Exhibit C attached hereto is a still-shot from the video that captures boiling water spewing from the head of the steamer.

25. As a direct and proximate result of Defendant's negligent and/or willful conduct Ms. Schere suffered severe burns to her left foot.

26. As a direct and proximate result of the injuries she sustained, Plaintiff Schere has suffered serious damages including but not limited to the following respects:

    (a) She has suffered pain and suffering and lost her enjoyment of life;

    (b) She has expended money for medical care and attention and attendant services;

    (c) She has been disfigured.

**Facts Pertaining to Stella Rue**

27. On or about August 26, 2018, Plaintiff Rue was in the first week of her freshman year in college and away from home for the first time. She had received a My Little Steamer as a graduation gift and was using it for the first time to steam a garment for a college event in a manner consistent with the product instructions. Without warning, the steamer spewed scalding water from its head, striking Ms. Rue on her left thigh and resulting in a serious burn. Photographs of the burns are attached as Exhibit D.

28. The burns Ms. Rue sustained were the direct and proximate result of the Steamer malfunctioning and spewing boiling water. She immediately sought treatment for her burns.

29. The video referred to in paragraph 23 above, which can be viewed by clicking on

this link: https://youtu.be/PLCYo74JCkg, illustrates the force with which scalding water erupted from Ms. Rue's steamer as does the still shot attached as Exhibit C.

30. As a direct and proximate result of Defendant's negligent and/or willful conduct, Ms. Rue suffered severe burns to her left thigh.

31. As a direct and proximate result of the injuries she sustained, Plaintiff Rue has suffered serious damages including but not limited to the following:

    (a) She has suffered pain and suffering, embarrassment, and lost her enjoyment of life;

    (b) She has expended money for medical care and attention and attendant services;

    (c) She has been disfigured.

## FIRST CLAIM:
### Negligence

32. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 31 above as though fully alleged herein.

33. Plaintiffs' accidents while using the Steamer and their resultant injuries were solely due to the carelessness, recklessness, negligence and/or willful conduct of Defendant Ingenious Designs and its agents, servants, and/or employees in the design, testing, manufacture, assembly, production, marketing, distribution, and/or sale of a dangerous, defectively designed and manufactured, and unsafe product.

34. Defendant Ingenious Designs had a duty to design and manufacture safe Steamers for sale to consumers, including Plaintiffs.

35. Defendant Ingenious Designs breached its duty and was negligent in failing to design and manufacture the Steamer with a means of preventing the spewing of boiling water during active use and foreseeable and intended use.

36. Defendant Ingenious Designs breached its duty and was negligent in failing to insure that the Steamer was in a proper, safe, and reasonably safe condition for the use for which it was intended as of the date of its manufacture and sale.

37. Defendant Ingenious Designs breached its duty and was negligent in failing to place any signs or warnings on the Steamer to warn Plaintiffs and others of the danger that its Steamers could erupt without warning and spew scalding water from the Steamer head when used properly.

38. Defendant Ingenious Designs breached its duty and was negligent in failing to properly and timely remedy the dangerous and hazardous conditions created for a person using the Steamer in the manner intended by Ingenious Designs, even though it had and/or should have had notice by reasonable research, testing, and diligence about such conditions prior to Plaintiffs' accidents from the aforesaid appropriate research, testing, and public knowledge about prior complaints with similar injuries caused in a similar fashion from the Steamers.

39. The acts and omissions of Defendant Ingenious Designs as set forth above proximately damaged Plaintiffs.

40. As a direct and proximate result of the acts and omissions of Defendant, Plaintiffs have suffered and continue to suffer from significant physical damages, pain and suffering, emotional damages and other damages in an amount to be determined at trial.

## SECOND CLAIM:
### Strict Liability

41. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 31 of the complaint, as though fully alleged herein.

42. The Steamer is a dangerous and defective product.

43. Defendant Ingenious Designs placed the Steamers into the stream of commerce.

44. The defective condition of the Steamers was a substantial factor in causing Plaintiffs' serious injuries and damages.

45. At the tine of Plaintiffs' accidents, Plaintiffs were using the Steamers for the purpose and in the manner for which they were intended.

46. Plaintiffs would not have discovered the defect in the Steamers or perceived its danger in the exercise of reasonable care.

47. By the exercise of reasonable care, Plaintiffs would not have otherwise averted their serious injuries and damages.

48. As a direct and proximate result of the acts, omissions and willful conduct of Defendant Ingenious Designs, Plaintiffs have suffered and continue to suffer from significant physical damages, pain and suffering, emotional damages and other damages in an amount to be determined at trial.

WHEREFORE, Plaintiffs Patricia L. Schere and Stella Rue demand judgment against Defendant Ingenious Designs, LLC as follows:

(a) An award for restitution, injunctive relief and other equitable relief;

(b) An award of compensatory and punitive damages;

(c) An award of pre- and post- judgment interest;

(d) An order granting costs and attorneys' fees; and

(e) Such other and further relief as this Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiffs hereby demand a trial by jury of all issues so triable.

Dated: May 15, 2019                                    GARDY & NOTIS, LLP


By: */s Orin Kurtz*
    Orin Kurtz
Tower 56
126 East 56th Street, 8th Floor
New York, NY 10022
Tel: (212) 905-0509
Fax: (212) 905-0508
okurtz@gardylaw.com

Christa L. Collins (*Pro hac vice forthcoming*)
Florida Bar No: 0381829
HARMON PARKER, P.A.
110 North 11th Street - 2nd Floor
Tampa, Florida 33602
Tel: (813) 222-3600
Fax: (813) 222-3616
service.clc@harmonparkerlaw.com
clc@harmonparkerlaw.com
ma@harmonparkerlaw.com

***Attorneys for Plaintiffs***